# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DIANE RENEE PEREZ,<br><br>　　　　　　　　　　Defendant. | Case No.: 20cr0645 DMS<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

On October 18, 2021, Defendant Diane Renee Perez, proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition. For the reasons stated below, the Court denies Defendant's motion.

## I.
## BACKGROUND

On June 18, 2021, Defendant Perez pled guilty to one count of importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. (ECF Nos. 30, 64). Defendant was sentenced to 48 months in prison, followed by three years of supervised release. (ECF No. 64). Defendant is currently incarcerated at Federal Correctional Institution Dublin ("FCI Dublin") and her projected release date is July 4, 2023. (ECF No. 70 at 2).

Defendant states she was infected with COVID-19 between December 2020 and January 2021. She was hospitalized 20 days and was placed on a ventilator. Defendant also states she suffers from severe asthma, hypothyroidism, hypertension, cirrhosis of the liver and hepatitis C, high cholesterol, and obesity. (ECF No. 65, Ex. 2). Based on these allegations, Defendant filed the present request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See generally id.*). The United States opposes Defendant's motion. (ECF No. 70).

## II.
## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prisons ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for compassionate release to the warden of FCI Dublin, which was

denied on October 5, 2021. (ECF No. 65, Ex. 1). Accordingly, the Court addresses the merits of Defendant's motion.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Further, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant policy statement, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, requires the court to find the defendant "is not a danger to the safety of any other person or to the community."[1] Defendant contends she meets the foregoing criteria. As the movant, Defendant bears the burden of establishing that she is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

District courts have discretion to determine "extraordinary and compelling reasons" for the purpose of compassionate release because U.S.S.G. § 1B1.13 is not binding on district courts. *See United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). Although not binding, U.S.S.G. § 1B1.13 may inform a district court's decision as to whether certain conditions are extraordinary and compelling. *See id.* The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii). Defendant claims she is eligible for compassionate

---

[1] Even if U.S.S.G. § 1B1.13 does not apply to district courts' consideration of compassionate release motions, the court must nonetheless consider dangerousness as part of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(2)(C) (sentence must be sufficient to "protect the public from further crimes of the defendant").

release because her health conditions make her particularly susceptible to COVID-19 in a custodial setting.

However, Defendant fails to establish "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  First, Defendant has been fully vaccinated against COVID-19.  Courts in the Ninth Circuit have consistently refused compassionate release requests based on the threat of COVID-19 from inmates or detainees who have been fully vaccinated.  *See United States v. Schmuel*, No. 19-CR-03006-BAS-1, 2022 WL 623914, at *2 (S.D. Cal. Mar. 2, 2022).  Defendant does suffer from several medical conditions which increase an individual's likelihood of becoming severely ill from COVID-19, but chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.  *See United States v. Pomo*, No. 17CR4360 WQH, 2020 WL 7342659, at *4 (S.D. Cal. Dec. 14, 2020) (increased risk of COVID-19 due to chronic conditions, such as schwannomatosis, chronic kidney disease, and heart disease, did not warrant compassionate release).  Defendant has recovered from COVID-19, is now fully vaccinated, and does not present any specific evidence to suggest that any self-care or treatment she receives in custody is not adequate.

In addition to her medical conditions, Defendant calls the mitigation efforts of the Bureau of Prisons and FCI Dublin "clearly ineffective" in preventing the spread of COVID amongst individuals in custody. (ECF No. 65 and 7).  However, as of March 28, 2022, the number of inmates and staff currently infected with COVID-19 at FCI Dublin is zero and one, respectively.[2]  The Court is sympathetic to the hardships of incarceration during the COVID-19 pandemic, but custodial conditions during the pandemic alone are unlikely to constitute extraordinary and compelling reasons for compassionate relief.  Moreover, Defendant's medical conditions were already considered at the time of her original sentencing.  (ECF No. 70 at 20).

---

[2] Available at https://www.bop.gov/coronavirus/.

Second, the Court considers sentencing factors under 18 U.S.C. § 3553(a) to determine whether a reduction in sentence is warranted. Defendant has served 26 months of her 48-month sentence. The United States argues that a reduction to time served would not adequately reflect the seriousness of the offense, which involved the importation of a highly addictive drug after two prior successful crossings. (ECF No. 70 at 20). The Court agrees. The Court credits Defendant's claim of ongoing medical conditions, but Defendant has not met her burden to demonstrate that her medical conditions rise to the level of "extraordinary and compelling reasons" which warrant release. Even assuming Defendant had met this burden, the 18 U.S.C. § 3553(a) factors do not support her release.

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED**.

Dated: March 28, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court